JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2806 PA (MANx) | Date | April 22, 2015 |
|---|---|---|---|
| Title | MTI Capital Inc v. Peter Raymond Moreno, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**       IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Peter Raymond Moreno ("Defendant") on April 16, 2015.  In its Complaint, plaintiff MTI Capital Inc. ("Plaintiff") alleges a single state law claim for unlawful detainer.  Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441; diversity jurisdiction, 28 U.S.C. § 1332; and under 28 U.S.C. § 1333.[1/]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer.  Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated.  Any defenses that Defendant might raise to this unlawful detainer action, or claims he might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action.  See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction").  Thus, the Court lacks

---

[1/]    The Court notes that Defendant's Notice of Removal alleges, without analysis or elaboration, that removal is appropriate under 28 U.S.C. § 1333.  (Notice of Removal at 2, 4.)  However, because this is an unlawful detainer action, this statute does not provide a basis for removal.  Section 1333 concerns cases in admiralty.  See Gross Mortgage Corp. v. Al-Mansur, 2012 WL 5270052, at *3 (N.D. Cal. Oct. 24, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2806 PA (MANx) | Date | April 22, 2015 |
|---|---|---|---|
| Title | MTI Capital Inc v. Peter Raymond Moreno, et al. | | |

federal question jurisdiction over this action.  Defendant's allegation that "Plaintiff is a collection agency or a 'Debt Collector' as defined under the Fair Debt Collection Act § 1692K" does not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal.  See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Therefore, Defendant has failed to show that federal question jurisdiction exists.

This is the second time that Defendant has filed a Notice of Removal for the same complaint.  Defendant's first Notice of Removal was filed on April 2, 2015, and was assigned case number CV 15-2440 PA (MANx).  The Court remanded that case sua sponte on April 8, 2015, because the Notice of Removal did not satisfy the requirements for removal pursuant to 28 U.S.C. § 1441 or § 1332.  Defendant's second Notice of Removal alleges the same basis for removal and, like the original Notice of Removal, does not satisfy the requirements for removal pursuant to 28 U.S.C. § 1441 or § 1332.

A second removal is permissible when made on new grounds arising from subsequent pleadings or events.  See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added).  However, a party cannot remove a case twice based on the same grounds.  See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction").  Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court."  One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal.  The current Notice of Removal contains identical allegations to the insufficient allegations contained in the original Notice of Removal.  They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court.  As such, Defendant has impermissibly attempted to remove this action twice.  Such successive removals are improper and unjustified.  Any further attempts to remove this action will subject the Defendant to the imposition of sanctions.

For the foregoing reasons, Defendant has failed to meet his burden of showing an adequate basis for this Court's jurisdiction over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Superior Court of California, County of Santa Barbara, Case No. 15CV00168.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.